IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, <br> and THE STATE OF ILLINOIS *ex rel*. <br> DR. THOMAS PROSE, <br> <br>        Plaintiffs, <br> <br>  v. <br> <br> MOLINA HEALTHCARE OF ILLINOIS, <br> INC. and MOLINA HEALTHCARE, INC., <br> <br>        Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. 1:17-cv-06638 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**RELATOR'S MOTION TO STRIKE DEFENDANTS' ANSWER
AND AFFIRMATIVE DEFENSES**

  Plaintiff-Relator, Dr. Thomas Prose, M.D. ("Relator"), by his undersigned attorneys, hereby moves to strike Defendants' Answer and Affirmative Defenses under Local Rule 10.1 and Federal Rule of Civil Procedure 12(f), and, in support thereof, submits the attached Memorandum of Law.

Dated: December 27, 2022

Bruce C. Howard, Esq.
bhoward@howardlaw.llc
**Howard Law LLC**
**10 North Dearborn St.** 6th Floor
Chicago, IL 60602
(630)740-9662

Neil M. Rosenbaum, Esq.
nrosenbaum@fvldlaw.com
Damon E. Dunn, Esq.
ddunn@fvldlaw.com
Bryan G. Schatz, Esq.
bschatz@fvldlaw.com
Gabrielle A. Long, Esq.

Respectfully submitted,

**Dr. Thomas Prose**, Plaintiff-Relator

By: /s/ Neil M. Rosenbaum
One of his attorneys

1

glong@fvldlaw.com
**Funkhouser Vegosen Liebman & Dunn Ltd.**
55 West Monroe Street, Suite 2300
Chicago, Illinois 60603-5117
Telephone: (312) 701-6800
Fax: (312) 701-6801

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THE UNITED STATES OF AMERICA, )<br>and THE STATE OF ILLINOIS *ex rel*. )<br>DR. THOMAS PROSE, )<br>  )<br>  Plaintiffs, )<br>  )<br>  v. )<br>  )<br>MOLINA HEALTHCARE OF ILLINOIS, )<br>INC. and MOLINA HEALTHCARE, INC., )<br>  )<br>  Defendants. ) | Case No. 1:17-cv-06638 |

**MEMORANDUM OF LAW IN SUPPORT OF RELATOR'S MOTION TO STRIKE
DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

Plaintiff-Relator Dr. Thomas Prose ("Relator"), by his undersigned attorneys, submits this Memorandum in support of Relator's Motion to Strike Defendants' Answer and Affirmative defenses under Local Rule 10.1 and Federal Rule of Civil Procedure 12(f).

**INTRODUCTION**

Defendants' Answer is facially deficient because it does not comply with Local Rule 10.1 requiring "numbered paragraphs each corresponding to and stating a concise summary of the paragraph to which it is directed." *See* LR 10.1. Contrary to the Rule, Defendants' Answer omits corresponding summaries of the paragraphs to which a specific answer is directed.

Defendants also list twenty-two purported affirmative defenses, but none satisfy Rule 12(f). Each "defense" is set out in a single cursory sentence; some do not even qualify as a cognizable defense, and all conspicuously lack factual substance. Taken together, the Court should strike Defendants' Answer and Affirmative Defenses in its entirety, with leave to file a compliant pleading.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case was filed on September 14, 2017. Dkt. 1. After motion practice, the operative First Amended Complaint was filed on October 14, 2019. Dkt. 53 (hereinafter, the "FAC"). The Court granted Defendants' Motion to Dismiss the FAC on June 8, 2020. Dkt. 77. The Seventh Circuit reversed on November 15, 2021. *United States ex rel. Prose v. Molina Healthcare of Ill., Inc.*, 17 F.4th 733 (7th Cir. 2021). The court of appeals denied Defendants' Petition for rehearing *en banc* and issued its mandate on November 23, 2021, but Defendants did not file an answer within fourteen days, as required by Fed. R. Civ. P. 12(a)(4)(A). Defendants later moved to stay all proceedings, pending a yet-to-be-filed *certiorari* petition, which motion was not granted until June 8, 2022. Dkts. 90, 91, 101.

The Supreme Court denied *certiorari* on October 17, 2022 (Dkt. 101 at 4), but Defendants again failed to file an answer within fourteen days thereafter. Instead, they belatedly requested an enlargement of time to do so. Dkt. 108. The Court granted this, ordering them to answer on or before December 6, 2022. *Id.* Defendants filed their Answer and Affirmative Defenses on December 6, 2022. Dkt. 109.

**ARGUMENT**

**I.      Defendants' Answer Fails to Comply with Local Rule 10.1**

Defendants' Answer does not comply with Northern District of Illinois Local Rule 10.1 because none of the numbered responsive statements include a "concise summary of the paragraph to which it is directed." Local Rule 10.1 unambiguously requires that Defendants' Answer include "numbered paragraphs each corresponding to and stating a concise summary of the paragraph to which it is directed." LR 10.1. The Rule was enacted to prevent the Court and parties from needing to "lay two pleadings side by side, and to shift constantly from one to the other, to see just what

4

has and has not been placed in issue." *Cont'l Cas. Co. v. Duckson*, No. 11-CV-00459, 2011 U.S. Dist. LEXIS 61889, at *4 (N.D. Ill. June 9, 2011) (quoting *Liners Direct, Inc. v. Luxury Bath Liners, Inc.*, No. 04 CV 108, 2004 U.S. Dist. LEXIS 2869, 2004 WL 442605, at *1 (N.D. Ill. Feb. 25, 2004)).

Local Rules are binding and carry the force of law. *Grassi v. Info. Res.*, 63 F.3d 596, 602 (7th Cir. 1995). Attorneys practicing in this District are bound by those Rules. *Williams v. Ne. Ill. Reg'l Commuter R.R. Corp.*, Case No. 00 C 2250, 2002 U.S. Dist. LEXIS 9743, at *4 (N.D. Ill. May 24, 2002). Accordingly, the Court should strike Defendants' Answer with leave to replead in compliance with the Local Rules.

## II. All Of Defendants' Affirmative Defenses Are Defective

Defendants' affirmative defenses consist of nothing more than superficial labels, bereft of factual support. *Heller Fin., Inc., v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294-95 (7th Cir. 1989) (granting motion to strike affirmative defenses where defendants omitted any short and plain statement of facts and failed to allege necessary elements of a claim). Instead of pleading proper affirmative defenses which would allow the parties to join issue, Defendants interposed 22 cryptic taglines. *Compare Sarkis' Cafe, Inc. v. Sarks in the Park*, LLC, 55 F. Supp. 3d 1034, 1040 (N.D. Ill. 2014) ("Defendant's affirmative defenses are insufficiently pleaded to survive Plaintiff's motion to strike" because "each defense—save one… is presented in a single sentence [cit.] and Defendant has failed to provide any factual support for them."). Motions to strike affirmative defenses are evaluated under a well-settled three-part framework: first, the matter asserted must be properly presented as an affirmative defense; second, the matter must be properly stated in compliance with Federal Rules of Civil Procedure 8 and 9; and third, the matter must withstand a Rule 12(b)(6) challenge. *Crumpton v. Octapharma Plasma, Inc.*, 513 F. Supp. 3d 1006, 1012 (N.D.

Ill. 2021) ("Bare legal conclusions are insufficient and must be stricken") (citing *Heller Fin., Inc.*, *supra*); *State Farm Auto Prop. & Cas. Ins. Co. v. Bell & Arthur Condo. Ass'n*, No. 18 C 5927, 2019 U.S. Dist. LEXIS 233557, at *2 (N.D. Ill. July 2, 2019); *Sarkis' Cafe,* 55 F. Supp. 3d at 1039; *see also Intercon Solutions, Inc. v. Basel Action Network,* 969 F. Supp. 2d 1026, 1059 (N.D. Ill. 2013). Many of Defendants' scattershot assertions are not even affirmative defenses, others are foreclosed by the law-of-the-case, and none are adequately pled. To expedite this case, Defendants' shotgun-style pleading should be struck in its entirety. *Compare Heller Fin., Inc.,* 883 F.2d at 1294 ("where, as here, motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay").

### A. Many Defenses Should Be Struck With Prejudice Because They Are Not Cognizable As A Matter Of Law.

As an initial step in evaluating a motion to strike, the Court determines whether the matter asserted actually constitutes an affirmative defense. *Sarkis' Cafe,* 55 F. Supp. 3d at 1039. If not, Rule 12(f) authorizes the Court to strike it *with prejudice*. *Id.* at 1041-42. Here, several of Defendants' "affirmative defenses" do not qualify as such. *State Farm Auto Prop. & Cas. Ins. Co.*, 2019 U.S. Dist. LEXIS 233557, at *2.

Affirmative defenses asserting failure to state a claim are not cognizable.[1] Dkt. 109 at 23; *Park Ridge Sports v. Park Ridge Travel Falcons*, No. 20 C 2244, 2020 U.S. Dist. LEXIS 249538, at *5 (N.D. Ill. Aug. 26, 2020). This rule inherently applies to subsidiary contentions, including lack of standing, *De Lage Landen Fin. Servs. v. M.D.M. Leasing Corp.*, No. 07 C 0045, 2007 U.S. Dist. LEXIS 90569, at *8 (N.D. Ill. Dec. 10, 2007), and those that attack elements of Relator's

---

[1] As discussed below, the Seventh Circuit already ruled that the First Amended Complaint states a claim, a fact Defendants apparently refuse to acknowledge even now, after their petitions for *en banc* review and *certiorari* were denied.

6

claims. *E.g., Weifang Tengyi Jewelry Trading Co. v. Intuii LLC*, No. 18 C 4651, 2019 U.S. Dist. LEXIS 140160, at *19 (N.D. Ill. Aug. 19, 2019) (striking defense that plaintiff cannot prove element of damages); *Glen Flora Dental Ctr. v. First Eagle Bank*, 487 F. Supp. 3d 722, 736 (N.D. Ill. 2020) (striking causation defense). Because none of these contentions constitute affirmative defenses, Relator requests the Court strike denominated defenses (Defenses 1 (failure to state a claim), 3 (standing), 13 (no actual injury), 14 (unjust enrichment of Relator), 15 (no detrimental reliance), 16 (materiality), 17 (scienter), and 18(superseding acts)) with prejudice.

## B. None Of The Defenses Are Adequately Explained Or Supported.

At the next step, the Court analyzes whether the defendant satisfied applicable pleading standards under Federal Rule of Civil Procedure 8 or 9(b). *Sarkis' Cafe,* 55 F. Supp. 3d at 1039. Conclusory defenses, unsupported by facts, are always deficient. *See, e.g.*, *id.* at 1040; *Brown v. Kelly Servs.*, No. 16 C 11152, 2017 U.S. Dist. LEXIS 58742, at *3-4 (N.D. Ill. Apr. 18, 2017); *Jones v. UPR Prods.*, No. 14 C 1248, 2015 U.S. Dist. LEXIS 69594, at *5 (N.D. Ill. May 29, 2015). Here, Defendants did not provide even the most basic information sufficient to make the initial determination as to whether Rule 8 or 9(b) applies. *Cf. Zic v. Italian Gov't Travel Office*, 130 F. Supp. 2d 991, 998 n.8 (N.D. Ill. 2001) (unclean hands defense is evaluated under Rule 8 *unless* it asserts some conduct was fraudulent, which requires application of Rule 9(b)).

The defenses are nothing but legal buzzwords pulled from thin air. Not one contains more than a single sentence, and no sentence is factual. *Compare Sarkis' Cafe,* 55 F. Supp. 3d at 1040 ("each defense—save one … is presented in a single sentence [cit.] and Defendant has failed to provide any factual support for them."). Courts routinely strike similar shotgun pleading tactics that interfere with a plaintiff's ability to cogently identify and litigate actual disputes. *Jones*, 2015 U.S. Dist. LEXIS 695694, at *5-6 (striking "bare-bones" pleadings designed to "bombard their

7

opponent with a laundry list of affirmative defenses without making any individualized inquiry into whether a particular defense actually applies"); *Park Ridge Sports*, 2020 U.S. Dist. LEXIS 249538, at \*6. Because every one of the 22 "defenses" at best amounts to a "name tag," they all flunk Step 2 of the Rule 12(f) analysis.

### C. None Of The Defenses Withstand Rule 12(b)(6) Scrutiny.

If an asserted matter both qualifies as an affirmative defense and satisfies pleading standards, the Court next must apply Rule 12(b)(6) scrutiny to determine whether the affirmative defense is viable. If any of Defendants' affirmative defenses survived the first two levels, they trip over this final hurdle.

Defenses 1 (failure to state a claim), 2 (Rule 9(b) particularity), 13 (no actual injury), 15 (no detrimental reliance), 16 (materiality), and 17 (scienter) are barred by the "most elementary application [of the] law-of-the-case doctrine" because they challenge elements of Relator's FAC after it was already sustained on appeal. *Waid v. Merrill Area Pub. Sch.*, 130 F.3d 1268, 1272 (7th Cir. 1997) ("when a court of appeals has reversed a final judgment and remanded the case, the district court is required to comply with the express or implied rulings of the appellate court."). The Seventh Circuit disposed of these contentions when it ruled that the FAC stated a claim for every element of the *prima facie* case. *Compare Molina Healthcare of Ill.,* 17 F.4th at 744-45 with *Old Republic Ins. Co. v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, No. 03 C 5238, 2005 U.S. Dist. LEXIS 160, at \*18-19 (N.D. Ill. Jan. 4, 2005) (striking affirmative defenses under law of case doctrine); *Solis v. Wallis*, No. 11 C 3019, 2013 U.S. Dist. LEXIS 207963, at \*7 (N.D. Ill. Sep. 13, 2013) (same).

Defense 3 (standing) is frivolous under settled law because Relator asserts only two claims—one each under the Federal and Illinois False Claims Acts—where standing is conferred

by the *qui tam* provisions. *Compare* Dkt. 109 at 23 *with*, *e.g.*, *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773-74 (2000); *Scachitti v. UBS Fin. Servs.*, 215 Ill. 2d 484, 508-09 (2005).

Defense 4 (statute of limitations) does not identify even a statute, let alone a justification for its application. *See Meaden v. Meaden*, No. 12 C 3534, 2012 U.S. Dist. LEXIS 171053, at *10 (N.D. Ill. Nov. 30, 2012); *Dorsey v. Ghosh*, No. 13-cv-05747, 2015 U.S. Dist. LEXIS 71521, at *15 (N.D. Ill. June 3, 2015); *Puryear v. Ind. Pallet Co.*, No. 2:11-CV-12-PRC, 2011 U.S. Dist. LEXIS 132337, at *3 (N.D. Ind. Nov. 15, 2011). Defendants avoid the *only* two statutes in play, because the limitations periods for the Federal and Illinois False Claims Acts are not shorter than 6 years and extend up to 10 years. 31 U.S.C. § 3731(b); 740 ILCS 175/5(b). This case is timely under any conceivable analysis since it was filed on September 14, 2017, and alleges the unlawful conduct began less than two years earlier, on or about April 2, 2015—when Defendants terminated GenMed's services. *See* Dkt. 1.[2]

Defenses 5 and 6 both contend that Relator's claims are defeated by the False Claims Act's public-disclosure bar. However, Defendants fail to provide a single allegation or transaction raised by Relator's complaint that was ostensibly publicly disclosed or that disqualifies Relator as an original source. Defendants also fail to explain how this multi-step inquiry applies, even hypothetically, to *this* case. *Compare* Dkt. 109 at 23-24 *with e.g.*, *United States ex rel. Heath v. Wis. Bell, Inc.*, 760 F.3d 688, 692 (7th Cir. 2014). Indeed, the defense does not dispute that Relator is the original source of the information giving rise to the FAC (indeed the *presumptive* source, as the counter-party to the breached agreement which prompted Defendants to violate the Act). *See*

---

[2] Relator merely cites the six-year statute to demonstrate the frivolousness of this defense. Presumably, Defendants will concede, when pushed, that the longer limitations period actually controls.

31 U.S.C. § 3730(e)(4). Moreover, Defense 5 alleges that this Court lacks jurisdiction over this FCA action due to the public disclosure, but the public disclosure jurisdictional bar was removed from the statute when Congress amended the False Claims Act in 2010. 31 U.S.C. § 3731(e)(4)(A). Because that amendment pre-dates Relator's allegations by five years, it should be incumbent on Defendants to explain, consistent with Fed. R. Civ. P. 11, how this "defense" remains viable.

Defenses 7 and 8 purport to raise equitable theories of unclean hands, waiver, and estoppel. The defenses should be stricken because it is unclear whether it is the Relator or the government who supposedly has unclean hands or engaged in waiver or estoppel. If asserted against the Relator, these defenses should be stricken because such equitable defenses do not apply against a relator's claims brought in the public interest. *United States v. Ogden*, No. 20-cv-01691-DMR, 2021 U.S. Dist. LEXIS 44154, at *12 (N.D. Cal. Mar. 8, 2021) (citing *Mortgages, Inc. v. U.S. Dist. Court for Dist. Of Nev. (Las Vegas)*, 934 F.2d 209, 213 (9th Cir. 1991)). As is true in every FCA action, the true party in interest is the government. Defense 14, which alleges the equitable defense of unjust enrichment vis-à-vis the Relator, should likewise be stricken. Such equitable defenses should not bar the recovery of taxpayer dollars arising from Defendants' fraudulent conduct. Finally, these defenses allege no facts which plausibly allow an inference of unclean hands, waiver, or estoppel, or unjust enrichment. *United States ex rel. King v. Solvay S.A.*, 304 F.R.D. 507, 511-12 (S.D. Tex. 2015) ("there may be *some* instances in which an estoppel or waiver defense can stand, SPI has failed to demonstrate that there is an issue of material fact as to whether the estoppel or waiver defense can stand in *this* case.") (emphasis original).

Defenses 9, 10, 11, 18, and 20 also lack the factual predicates required by Rule 12(f):

- Nothing in Defense 9 (ratification, waiver, and consent) or Defense 10 (equitable estoppel against the government) supports a reasonable inference that the United

States had "actual knowledge" or otherwise "learned" of unspecified "claims". *Compare* Dkt. 109 at 24 *with* Dkt. 53.

- Defense 11 proffers neither a theoretical basis nor facts to explain how and by whom Defendants' violations of the FCA were released or otherwise "compromised" by the government. *Compare* Dkt. 109 at 24 *with* Dkt. 53.

- Defense 18 asserts unspecified conduct by the Relator, or unnamed third parties, were superseding causes for Defendants' overcharges without identifying either the conduct or the third parties. *Compare* Dkt. 109 at 25 *with* Dkt. 53.

- Defense 20 posits a hypothetical "set-off" that leaves one to guess what Defendants propose to set off and why. *Compare* Dkt. 109 at 26 *with* Dkt. 53.

Nothing here offers a clue that these contentions are anything more than imaginary exercises. Certainly there is nothing of substance to withstand Rule 12(b)(6) scrutiny.

Defenses 12, 19, and 21 exhume failed and frivolous challenges to the constitutionality of the False Claims Act. *See Friedman v. Rite Aid Corp.*, 152 F. Supp. 2d 766, 772 (E.D. Pa. 2001) (dismissing constitutional challenges to FCA, noting that defendant "acknowledged" prior constitutional challenges failed, and further holding all constitutional concerns "without merit"); *see also United States ex rel. Jordan v. Northrop Grumman Corp.*, No. CV 95-2985 ABC (Ex), 2002 U.S. Dist. LEXIS 26622, at *11 (C.D. Cal. Aug. 5, 2002). To simply assert that the *Ex Post Facto* and Due Process Clauses may be violated is facially deficient pleading. *United States v. Ctr. for Diagnostic Imaging*, No. C05-0058RSL, 2011 U.S. Dist. LEXIS 145165, at *10-11 (W.D. Wash. Dec. 16, 2011). The Supreme Court has already rejected arguments that the damages or *qui tam* provisions are unconstitutional. *Cook Cty. v. United States ex rel. Chandler*, 538 U.S. 119,

130 (2003) (upholding FCA's broad, remedial treble damages provisions); *United States ex rel. Fallon v. Accudyne Corp.*, 921 F. Supp. 611, 622 (W.D. Wis. 1995) (*qui tam* provision is a constitutional delegation of authority). These are not legitimate defenses under Rule 12(f).

## CONCLUSION

For the foregoing reasons, Relator requests that the Court strike Defendants' Answer for non-compliance with the Local Rules, strike the improperly asserted affirmative defenses (Defenses 1, 3, 13, 14, 15, 16, 17, and 18) with prejudice, and strike the remaining affirmative defenses for failing to comply with Rule 12(f).

Dated: December 27, 2022

Bruce C. Howard, Esq.
bhoward@howardlaw.llc
**Howard Law LLC**
**10 North Dearborn St.** 6th Floor
Chicago, IL 60602
(630)740-9662

Neil M. Rosenbaum, Esq.
nrosenbaum@fvldlaw.com
Damon E. Dunn, Esq.
ddunn@fvldlaw.com
Bryan G. Schatz, Esq.
bschatz@fvldlaw.com
Gabrielle A. Long, Esq.
glong@fvldlaw.com
**Funkhouser Vegosen Liebman & Dunn Ltd.**
55 West Monroe Street, Suite 2300
Chicago, Illinois 60603-5117
Telephone: (312) 701-6800
Fax: (312) 701-6801

Respectfully submitted,

**Dr. Thomas Prose**, Plaintiff-Relator

By: /s/ Neil M. Rosenbaum
One of his attorneys

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 27, 2022, I electronically filed foregoing **RELATOR'S MOTION TO STRIKE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** and **MEMORANDUM OF LAW IN SUPPORT OF RELATOR'S MOTION TO STRIKE DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of the Court using the CM/ECF system, which will send notification to all counsel of record.

                                                     /s/ Neil M. Rosenbaum